United States Bankruptcy Court

Middle District of Pennsylvania

In re:  Case No. 23-00289-MJC

Reginald Rinaldo Talton  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5     User: AutoDocke     Page 1 of 2
Date Rcvd: Apr 11, 2023     Form ID: pdf002     Total Noticed: 27

The following symbols are used throughout this certificate:
**Symbol**     **Definition**
+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 13, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Reginald Rinaldo Talton, 130 Pebble Beach Court, East Stroudsburg, PA 18302-6701 |
| 5521263 | + | AmeriGas Propane, Inc., 460 North Gulph Road, King of Prussia, PA 19406-2815 |
| 5521265 | + | Country Club at the Poconos, Community Assoc., Inc., 1567 Big Ridge Drive, East Stroudsburg, PA 18302-6804 |
| 5523567 | + | Country Club at the Poconos Homeowners Association, c/o Edward Hoffman, Jr., Esquire, P.O. Box 609, Montgomeryville, PA. 18936-0609 |
| 5521271 | + | Hoffman Law, LLC, Edward Hoffman, Jr., PO Box 609, Montgomeryville, PA 18936-0609 |
| 5521273 | + | Middle Smithfield Township, Sewer Dep't, 147 Municipal Drive, East Stroudsburg, PA 18302-9519 |
| 5521605 | | U.S. Department of Housing and Urban Development, 11th Floor 100 Penn Square East, Philadelphia, PA 19107 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5533097 | + | Email/Text: g20956@att.com | Apr 11 2023 18:39:00 | AT&T Mobility II LLC, %AT&T SERVICES INC., KAREN A. CAVAGNARO PARALEGAL, ONE AT&T WAY, SUITE 3A104, BEDMINSTER, NJ. 07921-2693 |
| 5521264 | + | Email/Text: g17768@att.com | Apr 11 2023 18:39:00 | AT&T c/o Bankruptcy, 4331 Communications Drive, Floor 4W, Dallas, TX 75211-1300 |
| 5521266 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Apr 11 2023 18:39:00 | Credit Collection Service, PO Box 607, Norwood, MA 02062-0607 |
| 5521268 | + | Email/Text: Bankruptcy.Consumer@dish.com | Apr 11 2023 18:39:00 | DISH Network, 9601 S. Meridian Blvd., Englewood, CO 80112-5905 |
| 5521267 | + | Email/Text: G06041@att.com | Apr 11 2023 18:39:00 | DirecTV c/o Bankruptcy, 4331 Communications Drive, Floor 4W, Dallas, TX 75211-1300 |
| 5521269 | + | Email/Text: bankruptcydepartment@tsico.com | Apr 11 2023 18:39:00 | EOS CCA, PO Box 981008, Boston MA 02298-1008 |
| 5521270 | | Email/Text: BNSFS@capitalsvcs.com | Apr 11 2023 18:39:00 | First Savings Credit Card, 1500 S Highline Ave, Sioux Falls, SD 57110 |
| 5527042 | | Email/PDF: MerrickBKNotifications@Resurgent.com | Apr 11 2023 18:44:25 | MERRICK BANK, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |
| 5521272 | + | Email/PDF: MerrickBKNotifications@Resurgent.com | Apr 11 2023 18:44:23 | Merrick Bank, PO Box 9201, Bethpage, NY 11804-9001 |
| 5524332 | | Email/Text: DL-NJEZPASS-Bankruptcies@conduent.com | Apr 11 2023 18:39:00 | New Jersey Turnpike Authority, 1 Turnpike Plaza, P.O. Box 5042, Woodbridge, NJ 07095-0709 |
| 5521276 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Apr 11 2023 18:44:42 | Portfolio Recovery Associates, 120 Corporate Blvd., Ste 100, Norfolk, VA 23502 |
| 5526754 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Apr 11 2023 18:44:32 | Portfolio Recovery Associates, LLC, POB 12914, Norfolk VA 23541 |
| 5521274 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 11 2023 18:39:00 | Pennsylvania Dep't of Revenue, PO Box 280946, Attn: Bankruptcy Division, Harrisburg PA |

| | | | | |
| --- | --- | --- | --- | --- |
| | | | | 17128-0946 |
| 5532928 | + Email/PDF: ebnotices@pnmac.com | | Apr 11 2023 18:44:43 | PennyMac Loan Services, LLC., P.O. Box 2410, Moorpark, CA 93020-2410 |
| 5521275 | + Email/PDF: ebnotices@pnmac.com | | Apr 11 2023 18:44:34 | Pennymac Loan Services, PO Box 514387, Los Angeles, CA 90051-4387 |
| 5521277 | Email/PDF: ais.tmobile.ebn@aisinfo.com | | Apr 11 2023 18:44:38 | T-Mobile Bankruptcy Team, PO Box 53410, Bellevue, WA 98015-3410 |
| 5524685 | Email/PDF: ebn_ais@aisinfo.com | | Apr 11 2023 18:44:41 | T Mobile/T-Mobile USA Inc, by American InfoSource as agent, PO Box 248848, Oklahoma City, OK 73124-8848 |
| 5521278 | + Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | | Apr 11 2023 18:39:00 | Verizon Wireless, Bankruptcy Group, PO Box 3397, Bloomington, IL 61702-3397 |
| 5521279 | + Email/Text: bankruptcynotice@westlakefinancial.com | | Apr 11 2023 18:39:00 | Westlake Financial Services, 4751 Wilshire Blvd, Suite 100, Los Angeles, CA 90010-3847 |
| 5526589 | + Email/PDF: resurgentbknotifications@resurgent.com | | Apr 11 2023 18:44:26 | Westlake Services LLC c/o, Resurgent Capital Services, PO Box 3427, Greenville, SC 29602-3427 |

TOTAL: 20

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
| --- | --- | --- |
| Date: Apr 13, 2023 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 11, 2023 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| J. Zac Christman | on behalf of Debtor 1 Reginald Rinaldo Talton zac@fisherchristman.com office@fisherchristman.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Michael Patrick Farrington | on behalf of Creditor PENNYMAC LOAN SERVICES LLC mfarrington@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>**REGINALD RINALDO TALTON,**<br><br>Debtors | CHAPTER 13<br><br>CASE NO. **5:23-bk-00289**<br><br>_X_ ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st , 2nd , 3rd , etc.)<br>_2_ Number of Motions to Avoid Liens<br>_2_ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.  **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid **$ 0** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$ 27,240**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2023 | 12/2023 | $ 244 | N/A | $ 244 | $ 2,440 |
| 01/2024 | 12/2024 | $ 340 | N/A | $ 340 | $ 4,080 |
| 01/2025 | 12/2025 | $ 440 | N/A | $ 440 | $ 5,280 |
| 01/2026 | 12/2026 | $ 540 | N/A | $ 540 | $ 6,480 |
| 01/2027 | 02/2028 | $ 640 | N/A | $ 640 | $ 8,960 |
| | | | | Total Payments: | $ 27,240 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( X ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$ 152,420.56**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

___ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

 X   Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ **0** from the sale of property known and designated as **2014 Porsche Panamera**. All sales shall be completed by **August 31**, 20**23**. If the property does not sell by the date specified, then the disposition of the property shall be as follows: **surrendered to Westlake Financial**.

2

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

X   None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___   None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

X   Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **PennyMac Loan Services** | **Debtor's Residence at 130 Pebble Beach Court, East Stroudsburg, Monroe County, PA** | **8866** |

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

X   None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

___   None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

X   The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

3

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **Pennsylvania Department of Revenue (Claim 2)** | **All tangible property of debtor** | **$ 2,272.49** | **7%** | **$ 2,700** |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

___  None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

X  Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| **Country Club at the Poconos Community Assoc.** | **Debtor's Residence** | **$ 7,586.39** | **6%** | **$ 8,800.20** | **Plan** |
| **Middle Smithfield Township Sewer Dep't.** | **Debtor's Residence** | **$ 2,000** | **6%** | **$ 2,320.20** | **Plan** |

4

F. **Surrender of Collateral.** *Check one.*

_X_   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of **$ 976** already paid by the Debtor, the amount of **$ 3,524** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      _X_  None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including certain Domestic Support Obligations).**

   Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Pennsylvania Department of Revenue (Claim 2)** | $ 830.67 |

5

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   X    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

      X    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    X    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ___ plan confirmation.
    X   entry of discharge.
   ___ closing of case:

7. **DISCHARGE: (Check one)**

   (X)   The debtor will seek a discharge pursuant to § 1328(a).
   ( )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---------|-------------------------------|-------|---|
| Level 2 | Debtor's attorney's fees. | **$ 3,524** | |
| Level 3 | Domestic Support Obligations | **$ -0-** | |
| Level 4 | Priority claims, pro rata | **$ 830.67** | |
| Level 5 | Secured claims, pro rata | **$ 13,820.40** | |
| Level 6 | Specially classified unsecured claims | **$ -0-** | |
| Level 7 | General unsecured claims | **$ 6,876.44** | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | **$ -0-** | |
| | Subtotal | | **$ 25,051.51** |
| | Trustee Commission (Estimated at 8%) | **$ 2,188.49** | |
| | Total | | **$ 27,240** |

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*


**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A. This Plan contains 1) a chart in Section 8, above, that contains estimated distributions to each class of creditors, in addition to all other items required by the Model Plan; and 2) no signature line for a joint debtor as there is none.

B. This Plan provides for the satisfaction of the liens of **Country Club at the Poconos Community Association, Inc.**. See Section 2.E, above. A copy of this Plan and the Discharge Order entered in the case may be filed in the appropriate office of the Court of Common Pleas of **Monroe** County to demonstrate the judgments underlying the liens of **Country Club at the Poconos Community Association, Inc.**. were avoided.


Dated: February 20, 2023         /s/ J. Zac Christman
                                 J. Zac Christman, Esquire, Attorney for Debtor


                                 /s/ Reginald Rinaldo Talton
                                 **REGINALD RINALDO TALTON,** Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.